UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ANTONIO MEDEROS,                     )
                                     )
          Plaintiff,                 )
                                     )
          v.                         )     C.A. No. 19-12007-WGY
                                     )
U.S. IMMIGRATION AND CUSTOMS         )
ENFORCEMENT,                         )
                                     )
          Defendant.                 )

## ORDER

**October 2, 2019**

YOUNG, D.J.

For the reasons set forth below, the Court will dismiss
this action for lack of jurisdiction.

Antonio Mederos brings this action in which he asks that
the United States Immigration and Customs Enforcement ("ICE") be
required to execute a 2001 order by the Immigration Judge that
he be removed.  Mederos is presently confined at the
Massachusetts Treatment Center.  He represents that he was
previously serving a state sentence that was completed on
January 14, 2003.  Prior to completion of the sentence, the
Commonwealth of Massachusetts sought to have him civilly
committed as a sexually dangerous person under M.G.L. ch. 123A.
In October 16, 2003, Mederos was adjudicated to be a sexually

dangerous person and was committed to the Massachusetts

Treatment Center.

The papers Mederos filed demonstrate that he has contacted

state and federal authorities in an attempt to be removed to

Cuba rather than remain in Massachusetts as a sexually dangerous

person.  He has also filed four previous actions in this Court

in which has asserted different theories of liability to argue

that ICE should be required to take him into custody and execute

the removal order.  *See Mederos v. Massachusetts*, C.A. No. 15-

13623-FDS, 2016 WL 370846 (D. Mass. Jan. 28, 2016) (denying

relief and discussing three previous unsuccessful actions).

Under 8 U.S.C. § 1252(g), this Court lacks jurisdiction "to

hear any cause or claim by or on behalf of any alien arising

from the decision or action by the Attorney General to commence

proceedings, adjudicate cases, or execute removal orders against

any alien."  8 U.S.C. § 1252(g).  This statute ensures that the

Executive branch has the discretion to "abandon the endeavor" of

executing a removal order without the threat of judicial

interference.  *Reno v. Amer. Arab Anti-Discrimination Comm.*, 525

U.S. 471, 483 (1999); *see also Alvidres-Reyes v. Reno*, 180 F.3d

199, 201 (5th Cir. 1999) ("The Congressional aim of § 1252(g) is

to protect from judicial intervention the Attorney General's

long-established discretion to decide *whether and when* to

prosecute or adjudicate removal proceedings or to execute

removal orders." (emphasis added)).  Mederos's request that the

ICE be required to take him into custody and remove him is

clearly a challenge to the Attorney General's decision not to

execute a removal order.  Therefore, under 8 U.S.C. § 1252(g),

the Court lacks jurisdiction to entertain this claim.  *See*

*Duamutef v. I.N.S.*, 386 F.3d 172, 181 (2d Cir. 2004) (holding

that, under § 1252(g), court did not have jurisdiction over

mandamus petition to require government to execute removal).

In accordance with the foregoing, the Court DENIES the

motion for appointment of counsel and orders that this action be

DISMISSED for lack of jurisdiction.

SO ORDERED.

  /s/ William G. Young
 WILLIAM G. YOUNG
 UNITED STATES DISTRICT JUDGE